IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| L.R.A. (an infant) by her NEXT FRIEND, and Mother, T.A., </br></br>      Plaintiff, </br></br>v. </br></br>MINNESOTA REGIS CORPORATION, </br></br>      Defendant. | Case No. 05-6024-CV-SJ-DW |

## ORDER APPROVING MINOR'S SETTLEMENT

**NOW** on this third day of January, 2006, this cause came before the Court for a hearing on the parties' Application for Approval of Minor's Settlement Agreement. Plaintiff appeared through her next friend and their counsel of record. Defendant Regis Corporation appeared by its counsel of record.

**WHEREUPON,** the Court being fully advised in the premises, makes the following findings:

    1.    L.R.A. is a minor, age 13, having a birth date of February 7, 1992. Plaintiff's mother, T.A., is the duly appointed, qualified and acting next friend of L.R.A. L.R.A. and T.A. reside in Platte County, Missouri with L.R.A.'s father.

    2.    On or about July 7, 2004, L.R.A. was allegedly denied service by Defendant due to her race.

    3.    As a result of the alleged denial of service, L.R.A. allegedly suffered damages, including emotional distress. Additionally, Plaintiff alleges that she suffered damages due to Defendant's negligence in hiring, supervising and training its employees.

    4.    The parties mediated the dispute and reached a settlement of all claims, including any claims that L.R.A.'s parents may have independent of those of L.R.A.

    5.    The parties have entered into a proposed Settlement Agreement which provides for a lump sum cash payment by Defendant to Plaintiff, her parents, and their attorney. Plaintiff

(through her next friend), Plaintiff's parents, and their attorney have agreed to allocate the lump sum payment as follows: 40% to Plaintiff's parents; 22.5% to Plaintiff (through her next friend); and 37.5% to their attorney.

6. Counsel for Defendant delivered a check in the agreed lump sum amount to counsel for Plaintiff during the hearing, thus satisfying Defendant's obligation under the Settlement Agreement.

7. The Court finds the proposed Settlement Agreement and apportionment of the settlement payment are reasonable, in the best interests of L.R.A., and should be approved.

8. Plaintiff's expenses of this litigation and attorneys' fees are to be satisfied by the portion of the cash payment allocated to Plaintiff's attorney.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED as follows:

1. T.A., as next friend to the minor plaintiff, L.R.A., is granted leave of Court to waive the right to a trial by jury.

2. The Court finds and decrees the terms of the Settlement Agreement are fair and reasonable and in the best interests of the minor Plaintiff, L.R.A. The Court hereby approves the Settlement Agreement, including the payment of the attorneys fees and expenses.

3. The Court finds that Defendant has satisfied its obligation to pay the agreed amount in settlement.

4. T.A., individually and as next friend of L.R.A., is hereby authorized and directed to execute the Settlement Agreement on behalf of L.R.A.

5. Counsel for Plaintiff is authorized and directed to execute and file a stipulation of dismissal with prejudice.

IT IS SO ORDERED.

/s/ Dean Whipple
United States District Court Judge

Dated: January 3, 2006